■ SHARON ISRAEL, Respondent, v CORNELL UNIVERSITY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Bryant, J.), entered December 2, 1986 in Tompkins County, which denied defendant's motion for a change of venue from Nassau County to Tompkins County.

Plaintiff was allegedly injured in a fall on the steps of one of defendant's buildings in the City of Ithaca, Tompkins County. Plaintiff designated Nassau County as the venue in the summons with notice but did not state the basis for that choice on the summons, nor was plaintiff's address stated in her subsequent complaint. Defendant answered and moved under CPLR 510 (1) to change the venue to Tompkins County, claiming that there was no showing that Nassau County was a proper county. Plaintiff's attorney in his affirmation in opposition to the motion stated: "Please note that the plaintiff * * * resides at 12 Orange Drive, Jericho, New York, which is in the County of Nassau."

Defendant argues that since plaintiff's attorney does not state the basis for his belief that the plaintiff's residence is in

Nassau County, Supreme Court improperly denied defendant's motion for a change of venue. We disagree. We cannot say on this record that Supreme Court erred in denying the motion. It is significant that the same attorney for plaintiff, in an affirmation verifying the complaint, stated that the reason why he made the verification instead of plaintiff was that plaintiff did not reside in New York County, wherein her attorneys had their place of business. He also stated that the source of his knowledge was based upon investigations, reports and communication with plaintiff. There is no statement by defendant that plaintiff did not reside in Nassau County. The order should therefore be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.